[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 28, 1989 CT Page 9187 Date of Application August 2, 1989 Date Application Filed August 10, 1989 Date of Decision September 30, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 33640.
 John R. Gulash, Jr., Esq. Defense Counsel, for the Petitioner Gerard Eisenman, Esq. Assistant State's Attorney, for the State
BY THE DIVISION
The petitioner was tried by a jury for the crime of murder. The petitioner was convicted of the crime of murder, a violation of C.G.S. 53a-54a(a) the penalty for which is not less than 25 years nor more than life incarceration and a fine not to exceed $10,000. The court imposed a sentence of life imprisonment (60 years).
Evidence produced at trial revealed that on June 7, 1988, a witness was in his place of business when he heard the screams of a woman from outside his store. The witness exited his store and he observed the defendant, who was known to the witness, repeatedly stabbing a woman. This occurred in broad daylight on a public street. The witness attempted to intervene by shouting at the defendant. The slashings continued by the defendant who ultimately slashed the throat of the victim with a large knife. The cause of death was multiple stab wounds to the chest.
The deceased was the second wife of the defendant to whom he was still married at the time of the homicide. The marriage produced a male child.
Counsel for the petitioner commented upon the explosive and emotionally charged nature of many domestic disputes and, in this case, the petitioner's alcoholism and inability to cope with the stresses of life resulted in the homicide. Counsel for petitioner stressed that petitioner, when sober, was a CT Page 9188 productive member of society and directed the panel's attention to the petitioner's solid work history. Counsel opined that an appropriate sentence for the petitioner would be one of 40 years incarceration.
The assistant state's attorney stressed the violent nature of the particular case wherein the defendant continued to stab the victim despite the attempted intervention by a citizen; the fact that the defendant was a violent individual in that the defendant's first wife was likewise a victim of physical abuse; that the defendant expressed no responsibility for his actions; and that the defendant had previously been convicted of manslaughter in the second degree.
At the time of sentencing, the trial judge, who was most familiar with the testimony that was elicited during the trial, was faced with the task of imposing a just sentence on a forty-two year old man who had previously been convicted of manslaughter in the second decree and who stood before the court convicted of the violent murder of his wife. The court indicated that the defendant in his letter to the court took no responsibility for his actions, and apparently the defendant was concerned that his estranged wife would seek more money for the support of their child, than he thought he was able to afford. The court commented on the heinous nature of the act and the prior homicide conviction of the defendant. The court indicated that the killing was in the nature of an execution wherein the public was summoned to view it.
The scope of review of this panel is a limited one. Pursuant to P.B. 942 "the division shall review the sentence imposed and determine whether the sentence should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative, and denunciatory purposes for which the sentence was intended."
The aggravating factors that would bring an appropriate sentence into the upper range of the penalty as set by the legislature are found here: the heinous and violent nature of the murder, the prior manslaughter conviction and the failure of the defendant to accept responsibility for his actions. The sentence imposed by the court when considering all the factors is neither inappropriate or disproportionate. CT Page 9189
JOSEPH J. PURTILL, JUDGE LAWRENCE C. KLACZAK, JUDGE THOMAS P. MIANO, JUDGE